# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMION K. WEST,** <br> 10095 Washington Blvd. North, Apt. 227 <br> Laurel, MD  20723 <br><br> **DAMANI BATCHLER**, <br> 5611 5th Street, N.W., # 33 <br> Washington, DC  20011 <br><br> and <br><br> **MR NICE GUY LLC** <br> 15501 Brandywine Rd. <br> Brandywine, MD  20613 <br><br>     Plaintiffs <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> **SERVE:** <br><br> Mayor Muriel Bowser <br> Designee:  Darlene Fields <br> Civil Litigation Division <br> Office of the Attorney General <br> 400 6th Street, N.W. <br> Washington, DC  20001 <br><br> Karl A. Racine, Esq. <br> D.C. Attorney General <br> Designee:  Darlene Fields <br> Civil Litigation Division <br> Office of the Attorney General <br> 400 6th Street, N.W. <br> Washington, DC  20001 <br><br>     Defendant | Case No. _____ |

**COMPLAINT**

**Complaint for Judgment for Money Damages with Jury Demand**

**INTRODUCTION**

1.      This is a complaint against the Government of the District of Columbia (hereinafter "District of Columbia" or "the District") for a judgment for money damages under 42 U.S.C. § 1983 (for violations of Plaintiffs' right to due process (both procedural and substantive) and equal protection under the 14th Amendment to the United States Constitution) and for money damages under the common law.

2.      Plaintiffs bring this action against the Government of the District of Columbia under 42 U.S.C. § 1983 and the common law for injuries they suffered because the District, by enforcing its unconstitutional policies and practices, caused them to be deprived of their property rights.

3.      Defendant District of Columbia's Metropolitan Police Department ("MPD") routinely and unlawfully holds cash seized from individuals who have been arrested–many of whom are never charged with a crime–for months or even years past the point where the government might have any continuing legitimate interest in retaining said cash while providing no process to challenge that retention.  This policy, pattern, practice, or custom engaged in by Defendant violates the Fourth and Fifth Amendments of the United States Constitution.

4.      On August 20, 2021, MPD officers executed search warrants at two retail stores, located at 409 8th Street, S.E., and 1922 9th Street, N.W., operated by Plaintiff Mr. Nice Guy LLC in the District of Columbia.

5.       That the search warrant for the 8th Street store authorized MPD officers to seize, *inter alia*, "a large amount of US currency", while the search warrant for the 9th Street store merely authorized MPD officers to seize, *inter alia*, "currency."

6.       That in a search conducted pursuant to one of those search warrants at 409 8th Street, S.E., MPD officers seized property owned by Plaintiff Mr. Good Guy LLC, including $6,289 in U.S. currency that was seized from Plaintiff Damani Batchler.

7.       That in a search conducted pursuant to the other search warrant at 1922 9th Street, N.W., MPD officers seized property owned by Plaintiff Mr. Good Guy LLC, including $67,677.79 in U.S. currency that was seized from Plaintiff Damion K. West.

## JURISDICTION AND VENUE

8.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution.  This court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over the Plaintiffs' state law claim pursuant to 28 U.S.C. 1367.

9.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

10.     Plaintiff Damani Batchler is an employee of Mr. Nice Guy LLC who was working at the Mr. Nice Guy LLC store at 409 8th Street, S.E. on August 20, 2021, when MPD officers executed a search warrant at that location.

11.     Plaintiff Damion West is an employee of Mr. Nice Guy LLC who was working at the Mr. Nice Guy LLC store at 1922 9th Street, N.W., on August 20, 2021, when MPD officers executed a search warrant at that location.

12.     Plaintiff Mr. Nice Guy LLC operates retail stores in the District of Columbia at several locations, including 409 8th Street, S.E., and 1922 9th Street, N.W.

13.     Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C., and operates and governs MPD pursuant to the laws of the District of Columbia.  In this case, the District of Columbia acted through its agents, employees, and servants, including MPD and its officers and agents.

## FACTS

**A.     MPD's Seizure and Unlawful Retention of Property Seized at Mr. Nice Guy LLC's 9th Street Store**

14.     That on August 20, 2021, MPD conducted a search at the Mr. Nice Guy LLC store located at 1922 9th Street, N.W., pursuant to a search warrant (2021 CSWSLD 2684).

15.     That after the search was conducted, MPD officers left a "Return" for that search warrant at the 9th Street store.

16.     That the inventory of seized items, provided on the return for that search warrant, made no reference to the seizure of any U.S. currency.

17.     That in fact, MPD officers did seize $67,677.69 of U.S. currency belonging to Mr. Nice Guy LLC from Plaintiff Damion K. West.

18.     That MPD officers conducting the search at the 9th Street store also destroyed two of Mr. Nice Guy LLC's automated teller machines (ATMs); those ATMs cost $2,100 apiece.

19.     That the United States Attorney's Office (USAO) for the District of Columbia declined to bring charges against any of the individuals who had been arrested during their execution of the search warrant at the 9th Street store (in local parlance, all of them were "no-papered").

20.     That MPD has retained the $67,677.69 in cash since the date that MPD seized that cash from the 9th Street store.

21.     That counsel for Plaintiff has sent emails to personnel in the USAO seeking return of the cash seized during the execution of the search warrant at the 9th Street store; an Assistant United States Attorney responded to counsel for Plaintiff by observing that he did not believe that any charges were brought as a result of that warrant.

22.     That counsel for Plaintiff has reached out to MPD's Evidence Control Division in an unsuccessful attempt to secure return of the $67,677.69 in cash that was seized from the 9th Street store after the arrests made during the execution of the search warrant were "no-papered."

23.     That MPD's Evidence Control Division told counsel for Plaintiff to contact the MPD property clerk for the Third District for information on the $67,677.69 in cash that was seized from the 9th Street store.

24.     That counsel for Plaintiff has reached out to the MPD property clerk for the Third District in an unsuccessful attempt to secure the return of the $67,677.69 in cash that was seized from the 9th Street store after the arrests made during the execution of the search warrant were "no-papered."

25.     That the MPD property clerk for the Third District told counsel for Plaintiff to contact the OAG Asset Forfeiture Unit for information on the $67,677.69 in cash that was seized from the 9th Street store.

26.     That the OAG Asset Forfeiture Unit has failed to return several phone calls from counsel for Plaintiff, who has reached out to OAG's Asset Forfeiture Unit in unsuccessful attempts to secure the return of the $67,677.69 in cash that was seized from the 9th Street store after the arrests made during the execution of the search warrant were "no-papered."

27.     That despite the inability to get the $67,677.60 in cash returned from MPD directly, Plaintiffs' counsel is unable to file a motion in D.C. Superior Court under D.C. Rule of Criminal Procedure 41(g) seeking the return of that cash because no cases had been filed against any of the persons who were arrested during the execution of the search warrant at the 9th Street store.

**B.     MPD's Seizure and Unlawful Retention of Property Seized at Mr. Nice Guy LLC's 8th Street Store**

28.     That on August 20, 2021, MPD conducted a search at the Mr. Nice Guy LLC store located at 409 8th Street, S.E., pursuant to a search warrant (2021 CSWSLD 2741).

29.     That during the execution of that search warrant, MPD officers did seize $6,289 in U.S. currency belonging to Mr. Nice Guy LLC from Plaintiff Damani Batchler.

30.     That the United States Attorney's Office (USAO) for the District of Columbia filed charges against Damani Batchler in Case No. 2021 CMD 004743 in the Superior Court for the District of Columbia.

31.     That after Damani Batchler satisfied his obligations under his Deferred Prosecution Agreement, Case No. 2021 CMD 004743 was dismissed and nolle pros'd.

32.     That the Assistant United States Attorney (AUSA) for that case has submitted PD 81-C forms to the MPD.

33.     That counsel for Plaintiff has asked the MPD to release the $6,289 in U.S. currency belonging to Mr. Nice Guy LLC, which was seized from Damani Batchler during the execution of the search warrant at the 8th Street store, pursuant to the PD 81-C issued to MPD by the AUSA, but the MPD has failed to release those funds.

## SUBSTANTIVE ALLEGATIONS

### Count One

### Violation of the Fourth Amendment Protection against Unreasonable Retention Pursuant to 42 U.S.C. § 1983

34.     That the Fourth Amendment prohibits "unreasonable searches and seizures of property by the government."

35.     That a seizure that is lawful at its inception may nevertheless violate the Fourth Amendment if the manner of its execution or its duration unreasonably infringes the possessory interests protected by the Fourth Amendment.

36.     That even if the seizure and retention of cash from the Mr. Nice Guys LLC stores on 8th Street and 9th Street, and the subsequent processing of that U.S. currency as "evidence" or for investigation by MPD, was constitutional, those seizures became unreasonable under the 4th Amendment after investigations were terminated and criminal cases were dismissed and nolle pros'd.

37.     As a direct and proximate result of this violation of their constitutional rights, Plaintiffs suffered general and special damages, including deprivation of constitutional rights and associated harm, of at least $150,000.

## Count Two

### Fifth Amendment Procedural Due Process Claim
### for Failure to Provide Prompt Post-Seizure Hearings and Notice of the Hearings

38.     Plaintiffs re-allege all foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

39.     The District seized Plaintiffs' cash for use in criminal investigations as potential evidence and held that cash for over a year, failing to give that cash back even when that cash was no longer needed as potential evidence because any charges against the parties arrested at the 8th Street and 9th Street stores had been "no papered" or dismissed and nolle pros'd.

40.     The District never gave Plaintiffs prompt post seizure hearings at which they could challenge the seizure or the retention of their cash in violation of their procedural due process rights under the Fifth Amendment to the United States Constitution.

41.     Nor did the District ever give them notice of such prompt post seizure hearings in violation of their procedural due process rights under the Fifth Amendment to the United States Constitution.

42.     Plaintiffs were injured thereby and suffered damages as described herein of at least $150,000.

## Count Three

### Right to Return of Property when No Longer Needed by the District

43.     Plaintiffs re-allege all foregoing paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

44.     The District seized Plaintiffs' cash for purported use in criminal investigations and held that cash for over a year and never gave that cash back even when it was no longer needed as potential evidence due to the "no papering" or nolle pros'ing of cases.

45.     The District never gave Plaintiffs prompt post-seizure hearings at which they could challenge the seizure or the retention of their cash in violation of their procedural due process rights under the Fifth Amendment to the United States Constitution.

46.     The District was deliberately indifferent to the rights of the Plaintiffs by failing to provide such hearings.

47.     Plaintiffs were injured thereby and suffered damages as described herein of at least $150,000.

## Count Four

### Keeping Plaintiff's Cash Constituted a "Taking" of Personal Property

48.     Count Four alleges an unlawful taking under the Fifth Amendment.

49.     The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V.

50.     Plaintiffs possessed a property interest in their cash that is constitutionally protected and the District deprived them of that interest by keeping their cash past the time needed to investigate the potential cases and to have the cash available as evidence.

51.     The MPD took the Plaintiffs' cash for a public purpose when it seized that property.

52.     Taking the cash to extract evidentiary value from it was a public use of that cash.

53.     The District has not paid the Plaintiffs just compensation.

54.     The District has not obtained the right to possess the Plaintiffs' cash using the mandated procedures for civil forfeiture.

55.     The District was deliberately indifferent to the rights of Plaintiffs by instituting the takings of their cash without providing compensation.

56.     Plaintiffs were injured thereby and suffered damages as described herein of at least $150,000.

**Count Five**

**Common Law Wrongful Detention of Personal Property**

57.     The common law prohibits unlawful detention of property even if the original seizure of the property was lawful.

58.     Plaintiffs satisfied D.C. Code § 12-309 because the District documented the details of each seizure and wrongful detention in numerous "police reports."

59.     Where public officials "unlawfully seize or hold a citizen's realty or chattels, recoverable by appropriate action at law or in equity . . . ," the true owner may "bring his possessory action to reclaim that which is wrongfully withheld."

60.     The tort applies when a tortfeasor has converted a chattel that has come back to the owner's possession, either through self-help, judicial proceedings, or otherwise, and when the conduct that deprived the owner of the use of a chattel was not a conversion.

61.     Detaining the Plaintiffs' cash constituted unlawful detention of their property.

62.     The District is liable under the doctrine of respondeat superior for the intentional torts of its employees and others acting on its behalf in seizing and wrongfully detaining the property.

63.     The owner of the subject matter is entitled to recover as damages for the loss of the value of the use, at least the rental value of the chattel or land during the period of deprivation.  This is true even though the owner in fact has suffered no harm through the deprivation, as when he was not using the subject matter at the time or had a substitute that he used without additional expense to him.

64.     Plaintiffs were injured by the wrongful detentions and suffered damages as described herein of at least $150,000.

## JURY DEMAND

65.     Plaintiffs demand a trial by jury of any issue triable of right by a jury.

## RELIEF DEMANDED

Plaintiffs respectfully request that this Court grant them the following relief:

A.     Enter a judgment in favor of the Plaintiffs;

B.     Enter a judgment awarding the Plaintiffs damages, including the value of the loss of access to their cash during and following the seizure, and other damages including prejudgment interest, and compensatory damages for any injury attributable to loss of their property and loss of their property's use and damages for the value of their time devoted to its retrieval and other damages, and attorney fees; as well as equitable and declaratory relief; in the amount of at least $750,000.

C.     Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

D.     Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Charles E. Walton, Esq.                    /s/ James K. Davis, Esq.
Charles E. Walton, Esq.                        James K. Davis, Esq.
Bar No. 474873                                 Bar No. 417036
10905 Fort Washington Road, Suite 201          10905 Fort Washington Road, Suite 201
Fort Washington, MD 20744                       Fort Washington, MD 20744
301. 292.8357 *office*                          301. 292.8357 *office*
301. 292.9439 *fax*                             301. 292.9439 *fax*
cwalton@cwaltonlaw.com                          jdavis@cwaltonlaw.com
*Co-counsel for the Plaintiff*