UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DAMION K. WEST**, *et al.*,

    Plaintiffs,

    v.

**DISTRICT OF COLUMBIA**,

    Defendant.

Case No. 22-cv-3107 (CRC)

## OPINION AND ORDER

The District of Columbia's inchoate efforts to decriminalize recreational marijuana have led to a gray market of businesses operating on the margins of the law. Not surprisingly, these ventures and their enterprising purveyors have drawn the attention of local law enforcement. This case is but one example.

In August 2021, D.C. Metropolitan Police Department ("MPD") officers executed search warrants at two cannabis dispensaries doing business as Mr. Nice Guys. See Karina Elwood, Mr. Nice Guys, a D.C. Cannabis Store, Sues City Over Money Police Seized, Wash. Post (Oct. 17, 2022), https://perma.cc/6BVA-Y7S5. One of the searches resulted in the seizure of $67,677 from an employee of the establishment, Damion West. Now, two years later, no criminal charges have resulted from the seizure; nor has the District returned the cash. Feeling aggrieved, the owner of the business, Mr. Nice Guy LLC, and Mr. West ("Plaintiffs") filed this lawsuit. Plaintiffs do not contest the lawfulness of the District's initial seizure. Rather, they challenge the city's allegedly prolonged retention of the cash as a violation of their rights under the Fourth and Fifth Amendments pursuant to 42 U.S.C. § 1983. They also claim they suffered "wrongful detention of their personal property" in violation of D.C. common law. The District has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted. Because Plaintiffs have failed to plausibly allege a municipal policy to support their § 1983 claims and have not stated a recognized common-law tort claim, the Court will grant the motion. It will do so without prejudice, however, to allow Plaintiffs an opportunity to seek leave to amend their complaint should they choose to do so.

I. **Background**

The complaint alleges that on August 20, 2021, MPD officers executed a search warrant on two retail stores operated by Mr. Nice Guy LLC, one on 9th Street Northwest, and the other on 8th Street Southeast, in Washington D.C. Compl. ¶ 4. Plaintiffs allege, and the District does not contest, that MPD seized $67,677.79 "belonging to Mr. Nice Guy LLC" from its employee Damion West at the 9th Street store, and $6,289 from a second employee, Damani Batchler, at the 8th Street store, consistent with the terms of the search warrant. Id. ¶¶ 5, 17, 29. Neither Mr. Nice Guy nor Mr. West has been charged with any crime stemming from the seizure. Id. ¶ 19. Though Plaintiffs' counsel has attempted to recover the seized cash over the course of the intervening months, MPD continued to retain the cash as of the filing of the complaint in October 2022. Id. ¶¶ 20–26.

Plaintiffs were originally joined in the complaint by Mr. Batchler. However, the cash seized from him at the 8th Street location was the subject of a civil forfeiture proceeding in D.C. Superior Court. The judge in that proceeding found that the District had established probable cause that the cash was subject to forfeiture and, therefore, that it was authorized to retain the cash pending the conclusion of the proceeding. See Order, District of Columbia v. Batchler, No. 2022-CA-004154-2 (D.C. Super. Ct. Sept. 27, 2022). The parties ultimately settled the forfeiture case in February 2023. See Praecipe of Dismissal, District of Columbia v. Six-Thousand Two Hundred and Eighty-Nine Dollars ($6,289.00) in U.S. Currency, No. 2022-CAB-005082 (D.C.

Super. Ct. Feb. 10, 2023). After the District pointed out that the Superior Court's probable cause finding undermined Plaintiffs' claim that the cash from the 8th Street seizure was being unlawfully retained, see Mot. to Dismiss at 4, 7–8, Mr. Batchler voluntarily dismissed himself from the case, leaving only Mr. Nice Guy and Mr. West as plaintiffs. Accordingly, the Court will dismiss Plaintiffs' claims insofar as they relate to the 8th Street seizure.

As to the cash seized from the 9th Street store, the District asserts in its motion to dismiss that (1) Plaintiffs' challenge to the prolonged retention of their property does not sound in the Fourth Amendment; (2) D.C. Superior Court Rule 41(g)—under which "[a] person aggrieved by . . . the deprivation of property may move for [its] return"—is readily available to Plaintiffs and its procedures satisfy the Fifth Amendment's procedural due process requirements; and (3) the seizure and retention of property pursuant to the valid exercise of the state's police power, as was the case here, does not constitute a taking for the purposes of the Fifth Amendment. Id. at 5–17. The District further contends that Plaintiffs have failed to plausibly allege any theory of municipal liability as required to establish their constitutional claims under § 1983. Id. at 17–20. Regarding Plaintiffs' state-law claim, the District argues that they have not identified any authority for the asserted tort of "unlawful detention of property" and have not properly plead facts to state a claim for any other tort recognized under D.C. common law.

## II. Legal Standards

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court evaluating a Rule 12(b)(6) motion will "construe the complaint 'liberally,'"

granting the plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, "[a] court need not accept a plaintiff's legal conclusions as true, . . . nor must a court presume the veracity of legal conclusions that are couched as factual allegations."  Alemu v. Dep't of For-Hire Vehicles, 327 F. Supp. 3d 29, 40 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2009)).

**III. Analysis**

Plaintiffs seek damages under 42 U.S.C. § 1983, which creates a cause of action for damages against state or local officials who violate a plaintiff's federal constitutional rights.  To prevail on their § 1983 claims, Plaintiffs must state in their complaint both "a claim for a predicate constitutional violation" and "a claim that a policy or custom of the District of Columbia caused the constitutional violation" as its "moving force."  Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (internal citations omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Because it finds that Plaintiffs have failed to plausibly allege municipal liability, the Court will only briefly address Plaintiffs' asserted predicate constitutional violations.

   A. Fourth Amendment Claim (Count 1)

In Count 1, Plaintiffs challenge the duration of the District's retention of the seized cash as "unreasonably infring[ing on] the possessory interests protected by the Fourth Amendment."  Compl. ¶ 35.  Plaintiffs do not contest the lawfulness of the underlying seizure, only the District's retention of their property post-seizure.  The city counters that a challenge of this kind sounds exclusively in the Fifth Amendment.  Mot. to Dismiss at 5–7.

4

The clear majority of circuit courts to consider the issue have found that a challenge to the retention of lawfully seized property sounds in the Fifth Amendment rather than in the Fourth Amendment.  See Denault v. Ahern, 857 F.3d 76, 84 (1st Cir. 2017); Bennett v. Dutchess Cty., 832 Fed. App'x 58, 60 (2d Cir. 2020); Fox v. Van Oosterum, 176 F.3d 342, 351 (6th Cir. 1999); Lee v. City of Chicago, 330 F.3d 456, 466 (7th Cir. 2003).  Only the Ninth Circuit has held otherwise.  See Brewster v. Beck, 859 F.3d 1194, 1197 (9th Cir. 2017).  The D.C. Circuit has yet to speak on the issue, which has resulted in some division among judges of this Court.  See Parrott v. District of Columbia, No. 21-cv-2930-RCL, 2023 WL 2162859, at *5 (D.D.C. Feb. 22, 2023) ("[A] seizure . . . that is valid at its inception may become unreasonable if it outlasts its initial justification.") (citing Smith v. District of Columbia, 387 F. Supp. 3d 8, 25 (D.D.C. 2019)); Avila v. Dailey, 246 F. Supp. 3d 347, 355, 357 (D.D.C. 2017), reconsidered on other grounds, No. 15-cv-213-TSC, 2017 WL 9496067 (D.D.C. Aug. 1, 2017).  But see Cameron v. District of Columbia, No. 21-cv-2908-APM, 2022 WL 3715779, at *3 (D.D.C. Aug. 29, 2022), *appeal docketed*, No. 22-7130 (D.C. Cir. Sept. 30, 2022).  The Cameron appeal, consolidated with a related case, Asinor v. District of Columbia, No. 21-cv-2158-APM, 2022 WL 3715777 (D.D.C. Aug. 29, 2022), *appeal docketed*, No. 22-7129 (D.C. Cir. Sept. 30, 2022), is scheduled for argument on September 21 and will present the question to the D.C. Circuit for the first time.  And because the complaint is subject to dismissal on other grounds, as explained below, the Court declines to weigh in on the question pending further guidance from the Circuit in Cameron.

  B. Fifth Amendment Procedural Due Process Claims (Counts 2-3)

Plaintiffs claim in both Counts Two and Three that the District has violated their Fifth Amendment rights by failing to provide notice and post-deprivation hearings for them to

challenge the seizures. See Compl. ¶¶ 38–47. The District counters that D.C. Superior Court Rule 41(g) provides a procedure for Plaintiffs to obtain a post-deprivation hearing that is adequate under the Fifth Amendment and that notice of this rule is publicly available. Mot. to Dismiss at 9–16.

Whether Rule 41(g) is available to owners of seized property where no criminal charges result from the seizure is another question that has divided judges of this Court. See Parrott, 2023 WL 2162859, at *8–10 (noting that "Superior Court Rule 1(a) textually limits the scope of all the criminal rules, including Rule 41(g), to charged cases" such that "Rule 41(g) is not, in fact, applicable—or at least not reliably applicable—in situations in which no criminal case has ever been brought before the Superior Court"); accord Avila, 246 F. Supp. 3d at 363. But see Cameron, 2022 WL 3715779, at *8–10 (reasoning that "the D.C. Court of Appeals would apply Rule 41(g) to Plaintiffs' scenario" because that court has held that 41(g) is available where a case is disposed of *nolle prosequi*) (citing Alleyne v. United States, 455 A.2d 887, 888 (D.C. 1983)). This question too is teed up for the Circuit in the Cameron appeal. So, because the Court need not decide the issue on this motion, it will again demur, pending resolution of the Cameron appeal.[1]

With Plaintiffs' alleged constitutional violations to the side, the Court turns to the second prong of the § 1983 analysis: municipal liability.

---

[1] Although the District does not raise the point, this Court has held in the somewhat similar context of seizures following drug arrests that due process does not require preliminary hearings following currency seizures. Brown v. District of Columbia, 115 F. Supp. 3d 56, 67 (D.D.C. 2015).

C. Municipal Liability

To state a claim of municipal liability under § 1983, Plaintiffs must plausibly allege that the District, or one of its policymakers, adopted an explicit policy that violates the Constitution; allowed a pervasive and widespread practice or custom of constitutional violations; or knew or should have known of the risk of constitutional violations but failed to act. See Hurd v. District of Columbia, 997 F.3d 332, 337–39 (D.C. Cir. 2021). The complaint lacks sufficient allegations to support any of these findings.

The complaint generally alleges that MPD "routinely and unlawfully holds cash seized from individuals who have been arrested—many of whom are never charged with a crime—for months or even years past the point where the government might have any continuing legitimate interest in retaining said cash while providing no process to challenge that retention." Compl. ¶ 3. It also asserts that the District was "deliberately indifferent to the rights of the Plaintiffs." Id. ¶¶ 46, 55. But it offers no further facts or examples beyond this case to suggest that the District has a practice of holding seized cash for an inordinate period or intentionally ignoring constitutional violations of this nature. The existing allegations in the complaint alone, even accepted as true, are therefore insufficient for a finding of municipal liability on either a custom-and-practice theory or a deliberate-indifference theory. See Carter v. District of Columbia, 795 F.2d 116, 122 (D.C. Cir. 1986) (noting that without "express statements of policy," a plaintiff "must show a course deliberately pursued by the city, as opposed to an action taken unilaterally by a nonpolicymaking municipal employee" (internal quotations omitted)); Parker v. District of Columbia, 850 F.2d 708, 712 (D.C. Cir. 1988) ("[Section] 1983 liability may be found under Monell when there is evidence of deliberate indifference manifest by systemic and grossly inadequate training, discipline, and supervision."); see also Coleman v. District of Columbia, 828

F. Supp. 2d 87, 93 (D.D.C. 2011) ("While no hard and fast rule exists for the number of examples [the plaintiff] would need to plead in order for this Court to find it plausible that [the District] undertook a consistent policy of due process violations, the Court is confident that one example coupled with a conclusory allegation is insufficient to meet the plausibility standard.").

Plaintiffs attempt to correct this pleading deficiency in their opposition to the motion to dismiss, citing two public sources discussing issues related to the District's retention of seized property. See Pls.' Opp'n to Mot. to Dismiss at 9–10. But Plaintiffs have not sought to amend their complaint and, as the District points out, it is well settled that they cannot supplement their complaint allegations through later briefing. See Def.'s Reply at 8; Kingman Park Civic Ass'n v. Gray, 27 F. Supp. 3d 142, 160 n. 7 (D.D.C. 2014) (collecting cases).

Plaintiffs' citations would be insufficient to state a policy or practice in any case. They first reference a 2016 article in *The Atlantic* where several D.C. attorneys describe the difficulties their clients have recovering their property after it is seized by the police. Pls.' Opp'n to Mot. to Dismiss at 9 (citing Kaveh Wendell, Police Can Use a Legal Gray Area to Rob Anyone of Their Belongings, The Atlantic (Aug. 15, 2016), https://perma.cc/NDZ4-DTUE). Though the article does gesture towards a persistent issue of property recovery from MPD, "[o]ne study, seven years prior to Plaintiff's arrest, does not show a 'persistent, pervasive practice, attributable to a course deliberately pursued by official policy-makers.'" Hunter v. District of Columbia, 824 F. Supp. 2d 125, 133 (D.D.C. 2011) (quoting Carter, 795 F.2d at 125–26). Plaintiffs also note a Policy Report from D.C.'s Police Complaints Board. See Pls.' Opp'n to Mot. to Dismiss at 9–10. Though the report states that there were 50 complaints of MPD mishandling property from 2015 to 2018, the complaints largely concerned loss or damage to property while in police custody and unlawful seizures, neither of which are present here. Def.'s Reply, Ex. A at 3.

These dated allegations are therefore both improperly plead in the complaint and insufficient without further relevant facts covering the time period of the District's alleged constitutional violations.

The Court will, accordingly, grant Defendant's motion to dismiss Counts 1–3.

D.  Takings Clause Claim (Count 4)

As discussed above, Plaintiffs have failed to meet the requisite showing of municipal liability, which requires dismissal of all their § 1983 claims.  In the interest of completeness, however, the Court agrees with the District that Plaintiffs have also failed to establish a predicate constitutional violation for their Takings Clause claim (Count 4).  As the District highlights, "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."  Bennis v. Michigan, 516 U.S. 442, 452–53 (1996); Mot. to Dismiss 16–17.  Police investigations and seizures are conducted pursuant to the state's police power, rather than eminent domain, so they do not require just compensation under the same reasoning.  See also Mot. to Dismiss 16–17 (citing Ostipow v. Federspiel, 824 Fed. App'x 336, 341 (6th Cir. 2020); Lech v. Jackson, 791 Fed. App'x 711, 717 (10th Cir. 2019); Lafaye v. City of New Orleans, 35 F.4th 940, 943 (5th Cir. 2022)).  Plaintiffs offer no caselaw or other authority to the contrary.

E.  State Common Law Claim (Count 5)

Finally, Plaintiffs raise a state-law tort claim against the District based on the conduct of MPD, which, unlike a § 1983 claim, can be premised on *respondeat superior* liability.  See O'Callaghan v. District of Columbia, 741 F. Supp. 273, 279 (D.D.C. 1990); Wade v. District of Columbia, 310 A.2d 857, 863 (D.C. 1973).  Count Five of the complaint alleges that the District's continued retention of Plaintiffs' property amounts to "common law wrongful

detention of personal property." Compl. ¶¶ 57–64. The complaint states without citation that "[t]he tort applies when a tortfeasor has converted a chattel that has come back to the owner's possession, either through self-help, judicial proceedings, or otherwise, and when the conduct that deprived the owner of the use of a chattel was not a conversion." Id. ¶ 60. The Court concurs with the District that these elements "do not state any recognizable tort claim." Mot. to Dismiss at 20. Plaintiffs invite the Court to construe their allegations as a conversion claim in their opposition to the motion to dismiss, see Pls.' Opp. to Mot. to Dismiss at 10–11, but they have not sought to amend their complaint and the Court declines to do their work for them. Moreover, the parties have not sufficiently briefed whether a conversion claim would lie where the subject property was seized pursuant to a lawful search warrant and continues to be held in the absence of a court order directing its return. Accordingly, the Court will dismiss Plaintiffs' D.C. common law claim, also without prejudice.

\* \* \*

To sum up, the Court will dismiss the present complaint without prejudice and give Plaintiffs 60 days to seek leave to file an amended complaint that addresses the pleading deficiencies identified in this opinion. Meanwhile, resolution of the appeal in Cameron v. District of Columbia will likely clarify the viability of Plaintiffs' alleged constitutional violations. To promote judicial efficiency, the parties may wish to propose a stay of this case pending the Circuit's ruling in Cameron.

## IV. Conclusion

For these reasons, it is hereby **ORDERED** that [Dkt. No. 7] Defendant's Motion to Dismiss is GRANTED; it is further

**ORDERED** that the Complaint is dismissed without prejudice; it is further

**ORDERED** that Plaintiffs shall file a motion for leave to file an amended complaint, attaching the proposed amended complaint, by November 13, 2023; it is further

**ORDERED** that, should Plaintiffs not seek leave to amend, both the complaint and the case will be dismissed with prejudice in a final, appealable order.

**SO ORDERED**.

                                                     CHRISTOPHER R. COOPER
                                                     United States District Judge

Date: September 12, 2023